Windsor,
February,
1841.

Russell Burke *v.* Henry Whitcomb, Trustee of William Davis.

When a promissory note is made payable upon a contingency, it cannot be attached, during the contingency, by trustee process, under the statute of 1797.

If such note is assigned for a valuable consideration during the contingency, and while the trustee suit is pending, and notice is given to the maker, the assignee acquires a right to the note, and the maker cannot be adjudged trustee of the payee, though the note becomes payable absolutely before judgment is rendered upon the trustee's disclosure.

Trustee Process, against Henry Whitcomb, as trustee of William Davis.

At the November term of the county court, 1839, the said Henry Whitcomb disclosed as follows :—

'That on the 27th day of March, 1839, said Henry pur-
'chased of said Davis a piece of land lying in Springfield, for
'which he was to pay said Davis fifty dollars, subject to the
'condition specified in a note or obligation which he, on the
'same day, executed to said Davis for said land ; which land,
'at the time of said purchase, was subject to the incumbrance
'of a mortgage deed, executed by said Davis to Selden Cook,
'and bearing date the 30th day of October, A. D. 1838, on
'which mortgage there was due about $150 when said Hen-
'ry made the purchase aforesaid.   Said note or obligation is
'in the words and figures following, to wit :

"$50.                         Springfield, March 27, 1839.

"For value received, I promise to pay William Davis, or
"order, fifty dollars, with interest,—payable when said Da-
"vis, his heirs or assigns, shall clear off all the now existing
"incumbrances on a small piece of land the said Davis has
"this day conveyed by quitclaim deed to me, the considera-
"tion hereof being said conveyance, with the express con-
"tract that the same be cleared of all incumbrances as afore-
"said.                         Henry Whitcomb."

'On the first day of October, 1839, the trustee process
'in this suit was duly served on the said Henry.

'Since the service of said writ, and, as near as said Henry
'recollects, about one fortnight afterwards, he was notified,
'and for the first time, by one Solomon Clement, that the said
'note or obligation had been assigned to him, and that he

WINDSOR,
*February.*
1841.

Burke
*v.*
Whitcomb.

'was the owner thereof; that said note had been shown to 'said Henry by said Clement, and has on the back thereof 'the following indorsement, to wit,—" Pay the within note "to Solomon Clement, it being for value received.

WILLIAM DAVIS."

'On the 11th day of November, 1839, said Cook, by his 'deed of assignment of that date, assigned and made over to 'Russell Burke, the plaintiff, the said mortgage deed and his 'interest therein, together with the note on which the same 'was, predicated. All the incumbrances upon the land pur- 'chased by said Henry have been removed, except the deed 'of mortgage aforesaid, which remains undischarged and in 'force. But said Burke, the present owner thereof, has of- 'fered to said Henry, and says he is now ready to remove 'said incumbrance from the land. No part of said note or 'obligation, given by said Henry as aforesaid, has been paid.'

This disclosure having been sworn to and filed, the cause was continued, from term to term, to the November term of the county court, 1840, at which term the plaintiff showed that he had delivered to the said Henry a deed discharging all incumbrances on the land mentioned in the disclosure. Whereupon the county court decided that the said Henry was *not* trustee, to which decision the plaintiff excepted.

——— ———, for plaintiff.

The real parties in interest in this question are the plaintiff and Solomon Clement, the assignee of the chose in action, mentioned in the disclosure. And the question is, shall the plaintiff, by his trustee process, hold the demand, rather than Clement, by his assignment.

Whitcomb has no other interest than to be protected by the judgment.

The trustee process was served on Whitcomb a fortnight before the assignment to Clement.

The demand was not negotiable, and therefore not protected as negotiable paper.

It was a mere *chose in action* or *agreement.* Chitty on Bills, 155, 156.

It was a *present* debt, though payable on a future event, that is, when the incumbrance on the land for which the note was given should be removed. The disclosure admits that the

plaintiff, who was the owner of the mortgage, *had offered* to remove the incumbrance.

The indebtedness of Whitcomb was in the words of the then statute, which must govern, either money, rights or credits.

The plaintiff did remove the incumbrance, and hence is entitled to the avails of Whitcomb's indebtedness to Davis, by this process.

*C. Aiken*, for trustee.

1. The plaintiff attached no interest by the trustee process; for, to charge a person as trustee, he must have in his hands either money or debts due the principal debtor at the time of the service of the writ. See the statute, and 2 Vt. R. 277. 9 Vt. R. 295. Chitty on Bills, 41, 48.

The note in question was payable on the happening of an event entirely uncertain in itself.

2. No right accrued to the plaintiff, as the note was indorsed before it was due. 4 Dallas, 47. Swift's Digest, 738. 2 Mass. R. 32. 5 Day's R. 638. 11 Vt. R. 309. Id. 482.

3. Courts are bound to protect the interest of assignees, whether the paper assigned is negotiable or not. 1 U. S. Cond. R. 416. 4 Id. 619.

The opinion of the court was delivered by

BENNETT, J.—This suit was commenced before the passage of the revised statutes. The note, set forth in the disclosure, is payable upon a condition, that is, when the incumbrances then existing upon the land, the conveyance of which was the consideration of the note, should have been removed. This was a condition *precedent,* and the note was payable upon a contingency. It was not a debt, *in presenti,* to be discharged *in futuro.* Its becoming a debt rested in contingency. Until the condition was performed, no indebtedness existed, and no right of action would ever accrue on the note, in favor of the payee against the maker. It is well settled, in England, under the process of foreign attachment, that no *lien* can be acquired upon a debt, the very existence of which is dependent upon a contingency, for the very satisfactory reason that it is no debt. The same principle ha:

WINDSOR,
*February,*
1841.

Page
*v.*
Weathersfield

been, and must be, applied to the trustee process given by statute in many of the states. By our statute, to charge a person as trustee of another, he must have in his hands or possession " *money, goods, chattels, rights* or *credits*" of such person. By " money, rights and credits," we are to understand, money in the hands of the trustee, or debts due from him, belonging to the principal debtor. At the time of the service of this trustee process, Whitcomb had not the money of Davis in his hands ; neither was he his debtor. But it is said that, though this debt rested upon a contingency, at the time of the service of the trustee process, yet, as the condition was afterwards performed during the pendency of the suit, Whitcomb should be held chargeable. But it is to be remembered that this note, or contract, while it rested in contingency, was, for a valuable consideration, indorsed or assigned to Clement, and notice thereof given to the maker. Though this note, being payable on a contingency, might not by the *law merchant* be negotiable, yet, the indorsement would transfer to the assignee the equitable interest in such contract. As it was assigned while it rested in contingency, and before it could be reached by the trustee process, its becoming afterwards liable to be affected by such process ought not to have a *retroactive operation*, and thereby defeat the rights of the assignee, acquired under a previous assignment, and perfected by notice.

The judgment of the county court is therefore affirmed.