Solomon Downer *v.* Harrison Topliff, and Uriah Hayes and Abel Blanchard, Trustees. Daniel Aikens, Claimant.

The indebtedness evidenced by a bond, given to indemnify an officer for having attached property of doubtful ownership, may be attached, by trustee process, as the property of the officer, after judgment has been recovered against the officer by a third person for taking the property.

A debt, which is certain as to the liability, and uncertain only as to the amount, is not contingent, within the meaning of the statute, but may be taken by trustee process.

A disclosure of one summoned as trustee cannot ordinarily be treated as evidence against another person, who is also summoned as trustee in the same suit. Disclosures of trustees are analogous, in this respect, to answers in chancery.

Where a bond, given to indemnify an officer for having attached property of doubtful ownership, was signed by one person as principal and by another as surety, and judgment had been recovered against the officer for taking the property, and the signers of the bond were summoned as trustees of the officer, in a suit against him, it was held, that notice of the assignment of the bond by the officer to a third person, given by the assignee, before the service of the trustee process, to the person who signed the bond as surety, without proof of notice to the principal in the bond, was not sufficient, to entitle the assignee to hold the amount due upon the bond, as claimant in the trustee suit.

Trustee Process. It appeared that Uriah Hayes, one of the trustees, in November, 1840, executed a bond to the defendant, Topliff, in the penal sum of one thousand dollars, to indemnify him for having attached, as constable, certain property in a suit in favor of Hayes against Asa Chamberlain and Carmi D. Chamberlain,

which bond was signed by Abel Blanchard, the other trustee, as surety; and that judgment had been recovered by one Carlos Chamberlain against Topliff in an action for taking the same property, and that a suit was now pending in the name of Topliff against the trustees, upon the bond. The claimant, Aikens, filed his declaration, alleging an assignment of the bond to himself, by Topliff, and notice thereof to the signers of the bond, prior to the commencement of this suit. No question was ·made as to the fact of assignment. Blanchard admitted, that notice of the assignment was given to him by Aikens prior to the service of this trustee process upon him; and he alleged, in his disclosure, that, at Aikens' request, he gave notice to Hayes of the assignment, prior to the service of this writ. There was no other evidence of any notice to Hayes, prior to the trustee process being served upon him.

The county court, March Term, 1845,—HEBARD, J., presiding,—decided, that notice to Blanchard was sufficient, without notice to Hayes, and thereupon rendered judgment, that the claimant hold the funds in the hands of Hayes and Blanchard, and that they be discharged, with costs. Exceptions by plaintiff.

*Tracy & Converse* for plaintiff.

The only question before this court is in relation to the sufficiency of the notice to Hayes. That notice of the assignment was necessary is well settled. *Britton* v. *Langley & Tr.*, 9 Vt. 309. *Hinsdill* v. *Safford et al.*, 11 Vt. 309. *Kimball* v. *Gay & Tr.*, 16 Vt. 131. *Chase et al.* v. *Haughton et al.*, Ib. 595. *Giddings* v. *Coleman & Tr.*, 12 N. H. 163. Hayes was the principal in the bond; and the same notice to him is necessary, as though he were the only obligor. 1 Sw. Dig. 432. *Smilie* v. *Runnels et al.*, 1 Vt. 148. Blanchard was in no sense his agent to receive notice. Had Hayes paid to Topliff, or his order, the amount of the bond, after notice to Blanchard and before notice to himself, it would have been a good payment.

*E. Hutchinson* for claimant.

The trustees were properly discharged.

1. Their contract was one of indemnity only, depending upon a contingency; *Townsend* v. *Atwater*, 5 Day 298; Rev. St. 193, § 29.

2. It had been transferred, and legal notice of the transfer given to them, before they were summoned as trustees. Their indebtedness, if any, being by a *joint obligation*, for all the purposes of the present inquiry, at least, they are to be regarded as but *one party;* and notice to either is in law notice to both. Notice to one of two or more partners, of a prior unrecorded deed, is notice to all the partners; *Barney* v. *Currier et al.,* 1 D. Ch. 315; *Watson* v. *Wells,* 5 Conn. 468. An acknowledgment by one joint debtor will take a case out of the statute of limitations as to all; *Joslyn* v. *Smith,* 13 Vt. 353; 1 Sw. Dig. 305; *Whitcomb* v. *Whiting,* Dougl. 652; *Bound et al.* v. *Lathrop,* 4 Conn. 336; *Coit* v. *Tracy,* 8 Conn. 277. Where several are bound to do an act upon notice, notice to one of them is sufficient; 1 Sw. Dig. 698; 3 Com. Dig. 121, Tit. Condition L 9. Where a condition is, to deliver possession to the lessor, or his assigns, who assigns to two, a request by one is sufficient; 3 Com. Dig. 121, Tit. Condition L 11; 1 Rol. 428, l. 10. If a promise be by three, a special request to one is sufficient; 5 Com. Dig. 366, *pl.* C 71. Where a previous demand is necessary to the maintenance of an action, on a joint contract, against two or more persons, a demand on one of them is sufficient; *Griswold* v. *Plumb et al.,* 13 Mass. 298. 1 Sw. Dig. 186. The fact, that Blanchard signed as surety for Hayes does not alter the law in that respect. As to the creditor, or any one claiming by assignment from him, both are principals.

The opinion of the court was delivered by

Royce, Ch. J. Judgment having passed in this case against Topliff, the principal defendant, the trustees disclosed; and the questions are,—1, Whether they should be adjudged liable at all, under the trustee process,—and 2, If they are liable, whether the claim against them should be adjudged to Downer, the attaching creditor, or to Aikens, the claimant. In the court below they were adjudged liable,—but liable in favor of the claimant. We think there is no sufficient ground for saying that the claim against the trustees, upon their bond to Topliff, did not constitute a kind of indebtedness, at the time when this proceeding was commenced, which might well be reached by the trustee process. The bond was

51

given to Topliff, an officer, to indemnify him for having attached certain property, at the suit of the trustee Hayes, as belonging to one Chamberlin. And it is true, that, until a recovery was had against Topliff for the property, at the suit of another Chamberlin, who made good his title to it, the bond constituted but a contingent claim against the signers, and, as such, was excluded from the operation of the trustee process by express statute. But after Topliff had thus been damnified, and a clear and substantial cause of action arose upon the bond, the signers became fixed with an obligation, which was certain as to the liability, and uncertain only as to the amount for which they might be ultimately subjected. It was like any other indebtedness, where the amount is susceptible of dispute and controversy.

Upon the other question,—It is not disputed that a legal and proper assignment of the bond, and all claims arising under it, was seasonably made by Topliff to Aikens, the claimant; so that the question depends upon the sufficiency of the notice, given of that assignment, to defeat this species of attachment.

The case finds, that Blanchard had timely and express notice. But it is not found, that Hayes had notice, prior to the service of this process upon him, unless the disclosure of Blanchard was proper evidence to prove it. The decision below, in favor of the claimant, did not proceed upon that evidence, but upon the ground, that notice to Blanchard alone was tantamount, in its effect, to notice to both the trustees. Two inquiries are consequently involved in the revision of the case here;—whether Blanchard's disclosure was legal evidence of notice to Hayes,—and, if not, whether notice to Blanchard alone was sufficient.

As a general rule, we regard the disclosure of a trustee as being analogous to an answer in chancery;—and the answer of one defendant in chancery is never evidence against a co-defendant, except in special cases, not applicable to the condition of these parties. Ordinarily, the disclosure is regarded, not so much in the character of *testimony*, as in that of admission, or denial, on the part of the trustee. It should never be treated in the former view, as against a party not entitled to be present and to interrogate the trustee;—and as a co-trustee has generally no such right, it follows, that, as against

him, the disclosure should not be received as evidence. Blanchard might have been called and sworn as a common witness to prove notice to Hayes.

In reference to the effect of notice to Blanchard only, it may be observed, that, to many purposes, there is a marked distinction between notice by legal process, affecting the rights of individuals, and mere notice *in pais*, affecting their rights. Process must be served on every person to be directly affected by it; while a mere notice is frequently good and effectual, though given to one of several persons to be affected by it. This is on the ground of identity of interest, or that each is the agent of the others, concerning the right to be affected; as in the case of partners. But it seems, that nothing of this can justly be predicated of the relation between Hayes and Blanchard. Hayes was the principal in the bond, and Blanchard but a surety, and, moreover, insolvent. As between themselves, there was neither identity of interest, nor a mutual agency, within this principle. And as their relation to each other appeared upon the face of the bond, Aikens was bound to regard it, in giving notice of the assignment.

Judgment of the county court reversed.