SOLOMON DOWNER v. RAPHAEL CURTIS, AND HARVEY BURTON, TRUSTEE.

*Trustee Process.*

To prevent the trustee process from attaching, the contingency must be such as to *affect* the debt itself, which is supposed to be due, and not simply the liability of the trustee, to have the effects or credits called out of his hands in a particular manner.

TRUSTEE PROCESS. The trustee disclosed in substance, that on or about the 16th day of November, 1850, and in the month of May or June previous, the said Curtis had contracted with the selectmen of Hartford to make about 275 rods of new road, for which he was to receive, when finished, $450; and that he had also made another contract to build a certain other piece of new road, of about 700 rods, with said selectmen, for $2 12½ per rod, which would amount to about $1488,—one-third or one-quarter to be paid when one-half or one-third was done, and the balance to be paid when said road should be finished. And that the trustee, at the request of said Curtis, on or about the 16th day of November, 1850, and in the month of June previous, became surety on a bond or bonds, that he, the said Curtis, should fulfil both of said contracts.

And that said Curtis, in order to secure, indemnify, and save harmless the said trustee, for all liabilities which might accrue against him, in consequence of having become surety for the said Curtis as aforesaid, and also to secure said trustee, for all other demands, which he the said trustee should become holden to pay for said Curtis, and for all money advanced by said trustee, and for all provisions and other property, which the said trustee should advance said Curtis, during the time he should be making said roads, to carry on and fulfil said contracts,—agreed with said trustee, that the money which said selectmen of said Hartford had agreed to pay to the said Curtis, should be paid to the said trustee, and that said trustee might retain enough to pay and indemnify him against all the aforesaid claims and liabilities of the said trustee, and also fifty dollars for his, the said trustee's trouble, &c., about both road contracts.

And said Curtis, in order to give the said trustee further security, agreed that certain cattle and other property, which the said

Downer *v.* Curtis and Trustee.

trustee should thereafter buy for the said Curtis to use, should remain the said trustee's, until the finishing of both pieces of road, and the final closing up of both contracts, and until said trustee, should be fully indemnified against his bonds or guarantees afore-said, and that, after all this was done, the balance to be paid to said Curtis if any.

That the said trustee had received in all, $783 88, and paid out on his liabilities for said Curtis, including the fifty dollars for his trouble, the sum of $570 12, which leaves a balance in his hands of $213 76, to be accounted for to said Curtis, after the finishing of both pieces of said roads, and after the said trustee shall be fully indemnified against all his liabilities.

That the said Curtis has finished the first piece of road, and that the 700 rods is not finished, but remains in an unfinished state, although by the terms of the contract, it was to have been done by the first of October, 1851, and that the said trustee still remains bound to the selectmen of said town of Hartford, that said Curtis shall finish said road and fulfil his contract with said selectmen, and for such damages as may accrue to said town of Hartford, for the non-fulfilment of said contract.

That said trustee had not at the time of the service of this process upon him, nor has he since had in his hands or possession, any goods, effects, or credits, of the said Curtis, except as before named, and which came into his hands and possession, by agreement between said Curtis and trustee, that said trustee should hold the same as collateral security, as before stated, and that said trustee still remains bound for the fulfilment of said contracts, and that there was not at the time of the service of the plaintiff's writ upon him in this suit, nor is there now, anything absolutely due from the said trustee to the said Curtis.

The plaintiff filed allegations, and the case was tried by the County Court, December Term, 1852,—COLLAMER, J., presiding. The court find the facts stated in the trustee's disclosure to be true; and that the contract for constructing 700 rods of road, named in said disclosure, was but about one-half completed by said Curtis, at the time of the service of this trustee process upon said trustee; that at that time, the said town of Hartford had paid said Curtis, one-quarter of the pay for said road. In November, 1851, all of said road was completed, except about fifty dollars in stone blast-

ing, and said town paid said Curtis all but two hundred dollars, which they retained until the said road was completed, and that in November, 1852, the entire work was completed, and was accepted by the town, and Curtis was fully paid therefor, and the contract signed by Curtis and said trustee, was surrendered as performed.

Upon these facts, the County Court adjudged the trustee chargeable, as trustee of the said Curtis.

Exceptions by trustee.

*Washburn & Marsh* for trustee.

One summoned as trustee, cannot be held chargeable, unless he were, at the time of the service of the trustee process upon him, indebted " absolutely, and without depending upon any contingency," to the principal debtor. Comp. Stat. 256 § 7. It may be *solvendum in futuro*, but it must be *debitum in praesenti.* 3 T. R. 436.

If Burton had deceased, and it had become necessary for Curtis to prove the claim against his estate, he could only have proved it as a *contingent* claim under the statute. Comp. Stat. 357 § 43.

And the liability of Burton is not affected by the fact that, subsequent to the service of the trustee process, but before the final trial, the debt became absolute. *Wetherell* v. *Evarts*, 17 Vt. 219. If Burton had signed the contract as surety, without receiving collateral security, his claim upon Curtis for indemnity would have been contingent, depending upon the performance of the contract by Curtis. *Taylor* v. *Mills*, Cowp. 525. And the converse of the proposition must be equally true,—that the indemnity being furnished in advance, the right to reclaim is contingent. *Heskuyson* v. *Woodbridge*, Doug. 165, (n.) It is the same as though the same money, instead of being delivered to Burton, had been delivered to Hartford, as security for the performance of the contract. The liability of the town to refund the money, would have depended upon the contingency, whether the contract was satisfactorily performed.

And this brings the case precisely within that class of cases, where a certain per centage of the amount of labor, is retained by the employer as security for the performance of the contract. The liability to pay this sum reserved, depends upon a contingency. *Hennesey* v. *Farrell & Tr.*, 4 Cush. 267. *Dailey* v. *Jordan & Tr.*, 2 Cush. 390. *Smith* v. *Blair & Tr.*, 11 Law Rep. 118.

It can make no difference whether the sum sought to be attached by the trustee process, be a portion of the amount of labor already performed, or be an equal amount of money deposited for the same purpose. And in the latter case, it can make no difference, whether the money be deposited with the employer, to await the event of the work, or be deposited with one who becomes surety to the employer that the contract shall be performed. The same principle is applicable to the case of labor under an entire contract, not performed, as intimated by the court in *Newell* v. *Ferris & Tr.*, 16 Vt. 137. The case of *Burke* v. *Whitcomb & Tr.*, 13 Vt. 421, is decisive. The purchaser of land gave his promissory note to the vendor for the price, payable when the land should be cleared from incumbrance; and it was held, that the note was payable upon a contingency,—that it was not a debt in *praesenti*, to be discharged *in futuro*. Yet there, as in the case at bar, the person sought to be charged as trustee, had received from the principal debtor property equal to the amount of the note, and, if the incumbrance were removed, that amount was to be paid to the principal debtor. And the remarks of the court, in respect to that case, in *Denison* v. *Petrie & Tr.*, 18 Vt. 44, show, that under the Rev. Stat., the trustee could not have been held chargeable, even though there had been no assignment of the claim to a third person, before the debt became absolute.

*W. C. French* for plaintiff.

1. The amount due from the trustee to the principal debtor, did not depend upon any contingency. The money was due *absolutely*, but Burton had the right to retain it till the road was finished, *as collateral security* for signing the bond with Curtis. The road was *finished* before the hearing in the court below, and *bond given up*, and Burton's right to retain the money thereby ceased. If the *uncertainty* is only as to the *amount due*, the debt is *not contingent*. *Downer* v. *Topliff & Tr.*, 19 Vt. 399. *Back* v. *Whitcomb & Tr.*, 13 Vt. 421. *Dwinell* v. *Stone*, 30 Maine (17 Shep.) 384. *Thorndike* v. *De Wolf*, 6 Pick. 120. *Chandler* v. *Burroughs*, 16 Mass. 275.

2. The trustee had at the time of the service of the writ, and *even after* in his hands, money belonging to the debtor, more than sufficient to fully indemnify him and pay the amount of his debt.

The town of Hartford kept themselves fully indemnified, by keeping back a portion of the money due Curtis.

The opinion of the court was delivered by

BENNETT, J. This case has been very fully argued, and with great ingenuity, and we have been pressed, to hold that the liability or indebtedness of Burton to the principal debtor, was so far contingent, that it could not be reached by the trustee process.

We would refer to the exceptions, disclosure, and accompanying papers, for a full statement of the facts. The proposition that a contingent claim is not subject to the trustee process, is in itself considered very simple; but it is in the application of it to particular cases as they arise, which creates the difficulty. This much is clear, that to prevent the trustee process from attaching, the contingency must be such as to *affect the debt itself,* which is supposed to be due, and not simply the liability of the trustee, to have the effects or credits called out of his hands in a particular manner. The adjudged cases will show many examples illustrating this distinction. See *Thorndike* v. *De Wolf & Tr.,* 6 Pick. 122. *Dwinell* v. *Stone,* 30 Maine, 388. SHEPLEY, CH. J., in this last case well says, that "it is not a contingency, whether anything will be "found due on settlement, which will defeat the trustee process; but "such as may prevent the principal from having *any claim whatever,* "*or right to call the trustee to an account, or to have him settle with* "*him.*" The Maine statute on this subject is the same as our own. In *Downer* v. *Topliff & Tr.,* 19 Vt. 399, the distinction is thus marked by the late CH. J. ROYCE. "If the liability is certain, "and the debt only uncertain as to amount, it is not contingent with- "in the meaning of the statute."

In the case of *Burke* v. *Whitcomb,* 13 Vt. 421, which seems to be much relied upon by the trustee's counsel, the contingency *affected the debt itself.*

The only question then in this case is, whether there is any *contingency,* which can affect the debt or liability of the trustee, or simply the time, or manner in which the trustee shall account.

The trustee had received, before the service of the trustee process, $783 of the money of the principal debtor, and this he was bound to account for, though in a particular way.

He had a right to detain the money in his hands for certain pur-

poses specified· in the disclosure, and when those purposes were answered, what should remain in the trustee's hands he was bound to pay over to the principal. The only purposes, for which he had a right to detain the money under his contract with the principal debtor was, to pay his advances, his bonus of fifty dollars, and for his indemnity, as. the bail of the principal debtor for the due fulfilment of the contract ; and when these ends were answered, he had no further right to detain anything which might remain in his hands. The case shows, that the trustee had the right to detain only to the amount of $570, and so far it was good, in accounting to the principal debtor ; and in November, 1852, and before the hearing in the County Court, the town of Hartford, canceled the contract with the principal debtor, which the trustee had signed, and all right in the trustee to farther detain the balance of the funds in his hands, then ceased; and this balance then became certain, and could be fixed by an *adjudication* in the trustee process. There was an *absolute* liability on the part of the trustee to account for the money received; and the only *contingency* was, as to the time *when* and the *manner in which he should account.* In the cases cited of railroad contracts, there were provisions that the Railroad Company might retain *a given per cent* on the monthly estimates, accompanied with a provision for a forfeiture of such per centage, in case of a breach of the contract. This was such a contingency as affected the debt itself. So in the cases from Massachusetts, 2 Cush. 390, and from Maine, cited from the 11th Vol. of Law Reporter, a given *per cent* was not to be paid, till the contracts were completed and accepted. The completion of the job in such cases was a *condition precedent*, and of course the debt contingent.

The argument in this case is, that the trustee could have no claim against Curtis, until he had completed the road. But this is not warranted by the contract between them. The language is, " that "Burton might retain enough to pay and *indemnify* him against all " the aforesaid claims and liabilities of him the said Burton, and pay " the further sum of fifty dollars for his trouble, &c." This does not *affect the debt itself ;* but only the mode, and time of accounting. When the road contract was canceled by the town, and discharged, Burton could not be damnified in consequence of being bail.

The judgment of the County Court is affirmed.