C. J. ROWELL v. JOHN FELKER, AND H. P. COOK AND W. G. HAWKINS, TRUSTEES, AND W. H. BLAISDELL, CLAIMANT.

*Future Rent may be Garnished. Contingency. Trustee. Claimant.*

1. A lessee may be held trustee for future rent. If the promise to pay was absolute, it was a debt without contingency.
2. A claimant has no standing in court unless he has been admitted by *order of the court*. The commissioner is an officer of the court; and his power is limited to the determination of the rights of such persons as were parties at the time of his appointment.
3. The trustee should be allowed to deduct those notes which he had promised the owners to pay *before the service of the writ*, though he did not pay them until *after*.
4. The premises were leased for five years. In the settlement of the rent for the first year the defendant allowed the trustee fifty dollars for hay fed and wasted and pasturing of mowing, and agreed to allow him a reasonable sum for any claim he might have against him in the future, of the same kind, and to pay him for taking up a bridge on the premises. *Held*, that the trustee should be allowed nothing on such an agreement after the service of the writ.

HEARD by the court, February Term, 1881, on the report of a commissioner, ROSS, J., presiding. The court held both trustees liable for certain amounts; and all the parties appealed. The leases, running for five years, covered separate premises, and were dated March 1877. The writ was served September, 1878. Blaisdell, the claimant, had attached and set off the premises in October, 1879, on an execution; and notified the trustees in May, 1880, that they must pay the rent to him. The manner of the claimant's proceeding before the commissioner is stated in the opinion. The commissioner found, among other facts:

Rowell v. Felker.

" As to the trustee Hawkins, I find the following facts: that
his lease was executed on the 2d day of March, 1877, and was for
an annual rent of the sum of two hundred and fifty dollars, to be
paid to the said Felker on or before the 1st day of April in
each year, commencing on the 1st day of April, A. D. 1878.
The first year's rent was paid by said trustee Hawkins to the
defendant Felker, and sixty-nine dollars and fifty cents over-
paid to apply on the second year's rent; and in this payment the
trustee charged the defendant fifty dollars for hay fed out and
wasted by him, and for feeding the mowing in the fall.   Before
the service of the writ in this case, it was agreed by the trustee
and defendant that said sum of fifty dollars should be allowed the
trustee, and I have allowed the same in settlement of the first
year's rent, being as before stated, $69.50 to apply on second
year's rent, due April 1, 1879.   At the time defendant Felker
agreed to allow said $50, he further agreed to allow the trus-
·tee a reasonable sum for any claim he might have in the future
of the kind against him.   The second year's rent was claimed
by the trustee to be paid as follows: $69.50 overpaid first
year, and by a charge against the said Felker of $50 for hay
fed and wasted, and feeding the mowing, and by note paid to
said C. J. Rowell, dated April 1, 1876, which said trustee paid
April 1, 1879, with interest on the same, amounting to the
sum of $267.28, which note the trustee had become holden for
before the service of the writ on him in the case, which sums
I allowed to the trustee.   The item of $50, charged for hay fed
and wasted and feeding the mowing, is allowed, subject to the
opinion of the court upon the facts hereinafter stated about said
item and others of the same kind, making the sum of $386.81,
which paid the second year's rent, and leaving $145.01 in part
payment for the third year's rent, and on which is $8.20 interest
up to the time the third year's rent became due ; and besides the
$145.01 charged by the trustee on the second year's rent, the
trustee charged $60 to the defendant for hay fed out and wasted
by the defendant and feeding mowing and taking up bridge to the
barn, and boards out of bottom of bay to barn to keep the hay off
of the ground.   The boards were drawn by the trustee from his
place, which item is allowed subject to the opinion of the court
upon the facts therein found.   The trustee also charged the de-
fendant for a note dated November 28, 1877, for $50, given by
the defendant to J. H. Brown.   The defendant requested the trus-
tee to take up this note held by said Brown, and the trustee saw
said Brown and told him he would take up the note.   This was
before the service of this writ on the trustee.   This was all in

parol. I further find that he did nothing about it till after the writ was served on him in this case ; and some time after he took it up—which amounted to $14.04. This note and interest, added up to the 1st day of February, 1881, is $14.46, and is allowed, subject to the opinion of the court. These items, amounting to $196.66, the trustee claimed should apply on the fourth year's rent, leaving, as the trustee claimed, unpaid on the fourth year's rent the sum of $63.34, which will be due April 1, 1881, and the last year's rent, $250. due April 1, 1882."

*William W. Grout,* for the trustees and claimant.

Both trustees, Hawkins and Cook, deny any liability as trustees for the last year's rent, for the reason that it is not " due absolutely and without any contingency." Gen. Sts. c. 34, ss. 6 and 7. It is not due because it depended upon the "contingency" of peaceable possession and no interference on the part of the lessor. The lessor, through some freak or claim of right, or from downright lawlessness, terminates the lease and re-enters upon the land ; the lessor would not, of course, be liable to pay rent. How, then, can the rent be said to be " due absolutely and without any contingency ? " Besides, Hawkins had agreed with defendant that whatever he ₀damaged his possession under the lease, should be taken from the rent. And how can the amount due under the lease with that supplemental contract be ascertained till the expiration of the year ? Yet he is adjudged trustee for the whole, when the commissioner has found that Felker agreed to allow upon the rent, $50 for the first year, and has found $50 a year a reasonable sum for the second and third years, and $60 for the fourth year, for the lessor's violation of his covenant for peaceable possession. Judging by these four years, what will be the damage for the fifth year's interference ? To be reached by the trustee process, the debt must be a debt *in presenti,* though the payment may be left to the future. *Sargent* v. *Leland,* 2 Vt. 280 ; *Hutchins* v. *Hawley,* 9 Vt. 295 ; *Hitchcock* v. *Edgerton,* 8 Vt. 202 ; *Hoyt* v. *Swift,* 13 Vt. 129 ; *Burke* v. *Whitcomb,* 25 Vt. 650 ; 40 Vt. 241.

*Crane & Alfred,* for the plaintiff.

Rowell v. Felker.

The opinion of the court was delivered by

ROYCE, J. The trustees leased certain premises of the defendant Felker in 1877, and agreed to pay rent annually for the same. The principal contention has been as to their liability as trustees of Felker for the rent to be paid for the last two years of the term. It is not claimed but that the promise to pay the stipulated rent was unconditional ; but it is claimed that the promise to pay future rent did not constitute such a debt as could be attached by the trustee process ; that the liability was dependent upon the right of occupancy, and hence that it was not a debt due absolutely and without contingency. The statute, sec. 1071, provides that any money or other thing due to the defendant may be attached by trustee process before it has become payable, provided it is due absolutely and without contingency, but the trustee shall not be compelled to pay or deliver it before the time appointed by the contract therefor. The liability of the trustees was fixed by their execution of the leases ; and if they would avoid that liability the burden is upon them to show a failure of consideration for their promise, or some other legal defence. When the liability is certain, and the debt is uncertain as to amount, it is not contingent. *Downer* v. *Topliff & Tr.*, 19 Vt. 399. It was held in *Downer* v. *Curtis & Tr.*, 25 Vt. 650, that to prevent the trustee process from attaching, the contingency must be such as to affect the debt itself, and not simply the liability of the trustee to have the effects or credits called out of his hands in a particular manner. In most of the cases referred to in which it has been held that the liability was contingent, and so exempt from attachment by trustee process, the contingency upon which the liability was to become absolute has been expressed in the contract. *Burke* v. *Whitcomb, Tr. of Davis*, 13 Vt. 421 ; *Hoyt* v. *Swift & Blake, Trs. of Ball*, Ib. 129. Here the promise to pay the rent was absolute ; it was a debt due to the defendant, and the statute before cited expressly authorized its attachment by trustee process before it became payable. It was not dependent upon the happening of any such contingency as exempted it from attachment. To give the statute the construction claimed by the trustees would exempt nearly every debt or claim payable in the future from this pro-

34

cess; because it cannot be assumed that when the debt becomes due there may not be some defence which the trustee might make as between himself and the defendant. If the trustee would avoid liability, his defence must be made at the time he is sought to be charged; if subsequent defenses arise, he must avail himself of them in such manner as the law will permit, independently of the evidence introduced before the commissioner by the claimant. There is no reason apparent why the trustees should not be held chargeable for the rent agreed to be paid, except that which was for the homestead of Felker.

It is further claimed that the trustees should not be charged with the last two years' rent, for the reason that the rent for those years is due from them to the claimant. Hence it becomes necessary to determine the position that the claimant occupies. It is provided by sec. 1123, R. L., that when it appears that goods, effects or credits in the hands of a supposed trustee are claimed by a third person, *the court* may permit the claimant to appear and maintain his right; and that if he does not appear, notice may be given him as the court may direct. The next section provides that if he does appear he *may* be admitted as a party to the suit, and when he is so admitted as a party, the court may order him to give security by way of recognizance to the creditor or trustee. This is the only way provided by law in which a claimant can appear in a suit pending and become a party for the purpose of asserting his right to goods, effects or credits in the hands of a supposed trustee. Under sec. 1097, the court may, in its discretion, upon the application of a plaintiff, trustee or claimant, appoint a commissioner or commissioners, whose duties are prescribed and defined by that and the succeeding sections. A commissioner thus appointed is an officer of the court, and no power is given him to permit other parties to come into the suit for the purpose of having their rights adjudicated. His power is limited to the determination of the rights of such persons as were parties at the time of his appointment. If the claimant appears and becomes a party to the litigation before the commissioner by the consent of all interested, it would probably be regarded as a waiver of any claim that he should have been made a party by the order of the court; but

here the plaintiff objected to the claimant's appearing, and the commissioner allowed him to appear and make proof of his claim subject to that objection. In this we hold there was error; and the question of the liability of the trustees is not to be affected by the appearance of the claimant, or the proof submitted by him in support of his claim; and, as before remarked, without that evidence the trustees are chargeable for the rent agreed to be paid. It being held that the claimant had no standing before the commissioner to assert his claim, or for any purpose whatever, it becomes unnecessary to pass upon the sufficiency of the proof offered by him.

The only remaining questions arise upon the credits which the trustee, Hawkins, claims should be allowed upon his rent account; first, by certain sums paid by him to third persons for, and at the request of the defendant; and second, by certain items of charge against the defendant for hay fed and wasted, and feeding the meadow upon the leased premises. Before the service of the trustee writ, Hawkins had become holden to pay, for the defendant, certain notes, which after said service he did pay. We think the sums thus paid were properly allowed by the commissioner, to Hawkins, to apply upon his rent, and the plaintiff in his brief does not contend otherwise.

In the settlement of the rent account for the first year, the defendant allowed to Hawkins fifty dollars for hay fed and wasted and pasturing of mowing, and agreed to allow him a reasonable sum for any claim he might have against him in the future of the same kind. Upon the second year's rent, due April 1st, 1879, Hawkins claimed to apply, and the commissioner allowed, subject to the opinion of the court, a similar charge of fifty dollars for hay fed and wasted and pasturing of mowing. The trustee writ was served upon Hawkins September 4th, 1878, and in the absence of any express proof or finding upon the subject, we think it fair to presume that this item had then accrued and to hold it properly allowed by the commissioner, as he finds it to be a reasonable charge. But the similar charges for subsequent years must be disallowed. Hawkins was under no legal obligation to suffer the defendant to feed or waste hay, or pasture the mowing, and his

attempt to do so against the will of Hawkins would have been a mere trespass.  However proper it might have been for them to make an arrangement of this kind as between themselves, the trustee cannot be permitted, after the service of the writ upon him and the intervention of the attaching creditor's legal right, to pay over to the defendant in this, any more than in any other manner, the rent which has been garnished in his hands.  If such a rule were to obtain, it would be possible in any case of this character for the trustee to entirely defeat the right of the attaching creditor by paying over to the principal defendant the whole debt, in the form of hay or other products, or suffering him to take it in valuable privileges which the trustee was under no legal obligation to grant.  For the same reasons, the charge by Hawkins for taking up the bridge and boards at the barn must be disallowed.

The judgment of the County Court as to the trustee Hawkins is reversed, and judgment that said Hawkins is liable as trustee for 18-23 of $177.47, with interest from April 1st, 1881, and for the further sum of 18-23 of $250, with interest from April 1st, 1882, less his costs to be deducted from the first of said sums, or so much of the same as may be necessary, together with the sum recovered from the trustee Cook, to satisfy the plaintiff's judgment and costs.

In all other respects the judgment of the County Court is affirmed.