[Civ. No. 941.   First Appellate District.—April 18, 1912.]

## THE PEOPLE ex rel., Plaintiffs, v. MARKET STREET BANK, an Insolvent Corporation, et al., Defendants; KELLEHER & BROWNE, Claimants, Appellants; LOUIS H. MOOSER, as Receiver of Insolvent Bank, Respondent, and WILLIAM GREER HARRISON, as Receiver of MARKET STREET SECURITIES COMPANY, Reorganized Bank, Claimant, Respondent.

INSOLVENT BANK—REHABILITATION BY NEW BANK—EXCHANGE OF CLAIMS FOR BONDS—DIVIDEND—AGREEMENT FOR REASSIGNMENT—EXECUTED PAYMENT OF DEBT—RIGHTS OF RECEIVER OF NEW BANK.—Where an insolvent bank was sought to be rehabilitated by a new bank, which took assignments of its claims and issued its bonds to the claimants, and a dividend of fifty cents on the dollar was declared by the insolvent bank, and appellants, as claimants of bonds, being indebted to the receiver of the insolvent bank for

rent in $875, procured $1,750 of bonds to be delivered, on account of dividends, to pay such debt in full, and agreed with the president of the new bank for a reassignment of the residue of the bonds, that he might receive his share of the residue of the dividend, but before such agreement was executed, the receiver of the new bank repudiated the transaction, it is held that the court properly approved of the payment of such debt, and properly ordered the residue of the uncollected claims of appellants to be turned over to the receiver of the new bank.

APPEAL from orders of the Superior Court of the City and County of San Francisco made in a proceeding for the liquidation of the affairs of an insolvent bank. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Percy L. Shuman, for Appellants.

Stratton & Kaufman, for Louis H. Mooser, Receiver of Insolvent Market Street Bank, Respondent.

J. C. Campbell, for William Greer Harrison, Receiver of Market Street Securities Company, Reorganized Bank, Respondent.

KERRIGAN, J.—On June 25, 1908, the Market Street Bank of San Francisco, a corporation, was adjudged insolvent, and Louis H. Mooser was appointed receiver thereof to liquidate its affairs. Shortly thereafter certain persons interested in various ways with the bank conceived a plan of rehabilitating that institution, and for the purpose of carrying out that plan organized a corporation under the name of the Market Street Securities Company. That corporation issued to the creditors and depositors of the Market Street Bank bonds in exchange for claims and accounts against the bank, the ultimate purpose being to buy in, if possible, all of the bank's outstanding obligations. Subsequently the securities company passed a resolution and gave public notice to the effect that if the proposed rehabilitation of the insolvent bank was not successful, it would return the claims, consisting of bank books and other evidences of indebtedness, to the parties who had assigned them to the securities company,

upon the return of the bonds issued therefor, subject to the condition that the bonds returned must be the identical bonds issued to the depositor or creditor in exchange for the assignment of his claim.

The terms of this resolution are not contained in the transcript, but its existence seems to have been recognized by the parties to the litigation, and its terms are to be gathered from the briefs of counsel. It has, however, but a remote bearing upon the questions involved in the appeal, as the rights of the appellants, if any, arise out of a specific agreement alleged to have been made between them and the securities company.

Among other creditors of the insolvent bank who entered into the plan of its rehabilitation was the firm of Kelleher & Browne, appellants herein, who became the owners of some $8,000 worth of the bonds of the securities company issued as indicated, part thereof being in exchange for their deposit account with the insolvent bank, and the remainder having been acquired by them either directly from the securities company in exchange for assignments of other accounts against said bank, or intermediately from persons to whom they had been directly issued.

Kelleher & Browne were tenants of the Market Street Bank, and it is undisputed that they were indebted to Louis H. Mooser, as receiver, in the sum of $875 for unpaid rent.

Upon a sale of the assets of the insolvent bank the court, on or about February 4, 1909, declared a dividend of fifty cents on the dollar to be paid to the owners and holders of claims against said bank.

On January 7, 1909, the appellants, although they at this time were merely the owners of bonds of the securities company, filed a claim with the receiver of the insolvent bank for some $8,000, apparently in anticipation of redelivering their bonds to the securities company and receiving from it the claims and accounts for which the bonds had been issued, and they indorsed upon this claim an assignment of the sum of $875 thereof to Receiver Mooser to enable Mooser to retain this sum out of any money becoming payable by him to the appellants.

In the month of June, 1909, appellants arrived at an agreement with the securities company, through its president, F. M. Meigs, for the return to that company of the bonds held by

them in exchange for the claims against said insolvent bank for which the bonds had been issued. In order to carry into effect this agreement Meigs delivered to Receiver Mooser claims against the insolvent bank amounting to something over $6,000 for the purpose of receiving from Mooser the fifty per cent dividend upon said amount of claims and paying the same to appellants, the latter in the meantime retaining their bonds. About this time appellants delivered to Receiver Mooser bonds of the face value of $1,750, for the purpose of enabling Mooser to retain, in payment of the rent due him from them, the sum of $875—the amount of the dividend payable on the claims represented by said bonds. Mooser delivered these bonds to the securities company, the secretary of which marked them. "Paid," and it was upon this day or about this time that Mooser received from the securities company the $6,000 worth of claims above referred to. Out of this amount of claims Mooser, with the acquiescence of the securities company, selected certain of them to the amount of $1,750, and retained the dividend payable upon them—amounting to $875—in settlement of the rent due from Kelleher & Browne, giving them credit accordingly. He also delivered to Meigs, said president, a check for $1,500 on account of and as part payment of the dividend payable on the remainder of said claims. Meigs brought this check to appellants, who refused to accept it, claiming to be entitled to the dividend upon the whole $6,000 worth of claims. Shortly thereafter, by reason of an injunction suit, the payment of this check was stopped, and William Greer Harrison, who in the meantime had been appointed receiver of the securities company, refused to recognize the agreement made between Meigs and appellants, and now claims to be entitled, as receiver of the securities company, to the unpaid dividend on the remainder of said claims.

Petitions were filed by both Harrison and the appellants, each claiming to be the owner of the whole of said claims and entitled to the dividend thereon. Receiver Mooser answered, setting up the payment to himself as receiver of the $875 as aforesaid in satisfaction of the rent due from the appellants, and leaving himself at the disposition of the court as to whom he should recognize as the owner of the claims upon which the dividend was still unpaid.

The court, after hearing the testimony, made two orders, one approving the action of Mooser in retaining the said $875, and the other ordering him to turn over to Harrison, as receiver of said securities company, the remainder of said claims delivered to him by Meigs as aforesaid.

Kelleher & Browne appeal from both said orders. They claim, as against Harrison, to be the owners of the claims; and as against Mooser, that he accepted certain specific bonds of the face value of $1,750 in payment of his rent, and that the claims the dividend upon which he paid to himself were not those for which said bonds were issued, but were claims issued against bonds owned and still in the possession of appellants—from which it is argued that the receiver has twice been paid the rent due him.

We think both the orders appealed from were correct and proper.

As to the order concerning Harrison, the execution of the agreement between Meigs and appellants did not proceed far enough to give to the latter any valid title to the claims. If, instead of allowing the transaction to proceed as it did, the appellants had themselves taken from the securities company a reassignment of the claims, and redelivered to that company the bonds, the transaction would have been complete, and would have resulted in substituting appellants as the owners of said claims. But the transaction followed a different course. Meigs proceeded himself to collect the dividend on the claims—undoubtedly with the intention of turning it over to appellants and receiving from them the bonds when he should do so. He even offered them the first and only payment that he received from Mooser on account of the dividend; and this the appellants very ill-advisedly rejected. The securities company had received nothing from the appellants under this agreement, and upon the rejection by appellants of the check for $1,500, it had the right not to proceed any further in the transaction—which course Receiver Harrison, who was subsequently appointed, chose to pursue.

As to the order permitting Mooser to retain the $875, dividend on $1,750 worth of claims delivered to him by Meigs, it must not be overlooked that the appellants had themselves assigned to Mooser so much of their claims as this dividend would represent; and although at the time they did so they

had no title to the claims, yet when the securities company subsequently delivered such claims to him for the benefit of the appellants, the assignment became operative and immediately vested in him the right to retain the dividend on the amount of claims covered by the assignment. The contention that Mooser accepted $1,750 in bonds of the securities company in payment of the rent is untenable. While the reading of the receipt given by Mooser for the bonds might lend color to this contention, yet it is quite apparent that appellants contemplated that the possession of the bonds entitled Mooser to the same value in claims to be received from the securities company; the securities company turned over to Mooser all the claims which the appellants claimed to be entitled to by virtue of their ownership of bonds, if the exchange arranged with Meigs should be effected; and out of such claims Mooser selected only sufficient to pay him the amount due from appellants. The claim is made by appellants' counsel that Mooser surrendered the $1,750 of bonds to the securities company without receiving anything therefor—intending it to be inferred that appellants suffered some prejudice thereby, and that the claims, for which the particular bonds surrendered had been issued, were negligently left with the securities company. An examination, however, of the record shows that the majority of the claims issued for this particular $1,750 worth of bonds were among the $6,000 of claims delivered by the securities company to Mooser. That Mooser did not select these particular claims on which to pay himself the dividend did not work any prejudice whatever to the appellants, for had he done so the claims and accounts on which he did actually pay himself the dividend would be included in the amount ordered by the court to be turned over to Receiver Harrison.

The orders appealed from are affirmed.

Hall, J., and Lennon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 18, 1912, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 17, 1912.