E. L. PARTCH, Receiver, Appellant, v. C. A. RUSSELL, Appellee.

**BANKS AND BANKING: Deposits—Set-Off Against Receiver.** A depositor in an insolvent bank may not employ his deposit as a set-off against an action by the receiver for rent accruing under a lease entered into with the receiver *after the latter's appointment.*

Headnote 1: 7 C. J. p. 747 (Anno.)

*Appeal from Osceola District Court.*—WILLIAM HUTCHINSON, Judge.

APRIL 7, 1925.

ACTION upon an account for rent. The case was tried to the court as in equity, and a judgment and decree entered in favor of the defendant. The plaintiff appeals.—*Reversed.*

*I. R. Meltzer,* for appellant.

*W. C. Garberson,* for appellee.

PER CURIAM.—Appellant is the receiver of the First Trust

& Savings Bank of Sibley, Iowa, an insolvent banking corpora-
tion.  The cause of action is for rent accruing on an oral lease
entered into by appellee with the receiver on or about the 8th
day of September, 1922, from month to month, at a monthly
rental of $40.  The amount claimed to be due is $200.  The de-
fense pleaded is that the insolvent bank was indebted to appellee
at the time the lease was entered into, in the sum of $349.17,
which appellee had on deposit therein at the time the bank be-
came insolvent.  He asks that the deposit be set off against the
amount due as rent.  The court below allowed the offset.  Ap-
pellee relies upon *Partch v. Boyle,* 197 Iowa 1314; *Brown v.
Sheldon State Bank,* 139 Iowa 83; *Brown v. Cairns, Bolton &
Foster,* 107 Iowa 727; and other similar cases in which the right
of offset was sustained.

Appellant contends that the doctrine of the above cases is
not applicable to the present controversy, for the reason that the
indebtedness for rent did not exist at the time the bank became
insolvent and its affairs were placed in the hands of a receiver.
We think this contention is sound.  The very point upon which
the decisions in the cases cited rested, was that the indebtedness
to the bank existed at the time it became insolvent.  In the
*Partch* case, which reaffirmed the doctrine of *Brown v. Cairns,
Bolton & Foster,* supra, emphasis was placed upon the fact that
the lease there involved was in writing, for a fixed and definite
period, and therefore there was an existing indebtedness.  We
are not disposed to extend the doctrine of the cited cases.  The
lease now under consideration was oral, and from month to
month only, and was entered into after the receiver was ap-
pointed.  It is our conclusion that the right of offset did not
exist as to the subsequently accruing installments of rent.

It follows that the judgment and decree of the court below
is—*Reversed.*