## Case No. 13,421.

### STEWART v. ANDERSON.

[1 Cranch. C. C. 586.] [1]

Circuit Court, District of Columbia. Nov. Term, 1809.

#### SET-OFF—NOTES.

In an action by the indorsee against the maker of a promissory note, the defendant may set off the payee's note to him, which he held before and at the time he had notice of the assignment of his own note to the plaintiff, although not then payable, but becoming payable before his own note.

Debt for $330.56, on the defendant's note dated 23d of April, 1807, payable 180 days after date, to W. Hodgson, and by him assigned to the plaintiff. The defendant plead-

[1] [Reported by Hon. William Cranch, Chief Judge.]

ed. 1. Nil debet. 2. A set-off of a note due to him from Hodgson before notice of the assignment of defendant's note to the plaintiff. 3. A set-off for goods sold and delivered to Hodgson before notice of the assignment. To these pleas there were general replications and issues. The jury found a special verdict stating that Hodgson assigned the note to the plaintiff, and on the 14th of August, 1807, informed the defendant that the note was passed away, but not to whom. That the defendant at that time held Hodgson's note for $566.67, dated June 29, 1807, payable in 60 days, which was given for a full and valuable consideration. That on the 14th of August, 1807, when Hodgson informed the defendant of the assignment of his note, the defendant gave Hodgson a note at 60 days for 225 dollars in lieu of a former note for the same sum payable 3d and 6th of January, 1808, which note Hodgson promised to renew twice. When the defendant was informed by Hodgson, of the assignment of the defendant's note, the defendant made no reply. They further found for the defendant, provided the court should be of opinion that the verbal notice given by Hodgson to the defendant on the 14th of August, 1807, of the transfer of the note in the declaration mentioned was not sufficient to bar the defendant's right of setting off the said Hodgson's note of $566.67 against the plaintiff in this action. But if the court should be of opinion that the said notice was sufficient to entitle the plaintiff to the money in the declaration mentioned as against the defendant, then they found for the plaintiff.

CRANCH, Chief Judge. In this case the defendant held Hodgson's note as a just discount to his own note, before he had notice of the assignment of his own note. It was at that time a debt due by Hodgson to the defendant. It was debitum in præsenti solvendum in futuro; and would become payable before the defendant's note to Hodgson. The silence of the defendant at the time Hodgson mentioned the assignment is no evidence of a waiver of the right of set-off. The defendant was not bound to give notice to the plaintiff; and to give it to Hodgson would have been futile and unnecessary; as Hodgson must have known it before. All that is required by the doctrine of set-off is that they should be mutual, subsisting, liquidated debts at the time of the plea pleaded. The notice given by Hodgson to the defendant on the 14th of August, 1807, is not sufficient to bar the defendant's right to the set-off. Judgment must be entered on the verdict for the defendant.

[This judgment was affirmed by the supreme court, where it was carried by writ of error. 6 Cranch (10 U. S.) 203.]