Hannon v. Williams.

BRIDGET HANNON, appellant.

v.

W. B. WILLIAMS, receiver of the Mechanics and Laborers Savings Bank of Jersey City, respondent.

1. A depositor in an insolvent savings bank, who is also a debtor to the institution for money borrowed, is not entitled to set off the amount of his deposit against his indebtedness. The ordinary rules of set-off between debtor and creditor do not apply to the case.

2. The giving of the depositor credit for the amount of the loan on the books of the bank, the same being entered in her pass-book and remaining subject to her check for a long time before the bank closed its doors, was an actual payment of the money to her. And she is not entitled to a deduction from her indebtedness of so much of the borrowed money as remained on deposit when the bank suspended payment.

On appeal from a decree advised by Vice-Chancellor Van Fleet, dismissing the appellant's bill. His opinion is not on file. `

*Mr. Peter Bentley;* for appellant.

I. The right of set-off exists in appellant's favor against the defendant.

*White* v. *Williams, 2 Gr. Ch. 376; Rosevelt* v. *Niagara Bank, Hopk. Ch. 579; Attorney-General* v. *Mechanics and Laborers Savings Bank, 5 Stew. Eq. 163; New Amsterdam Savings Bank* v. *Tartter, 54 How. Pr. 385; Wartrus* v. *Bowery Savings Bank, 21 N. Y. 543; Perry on Trusts* § *17.*

II. Equity will take notice of the circumstances surrounding the giving and obtaining of a valuable security, and if those circumstances should, in equity, preclude the enforcement of that security, it will so be done; that the holder is a trustee does not matter, in the application of the doctrine. *Story's Eq. Jur.* §§ *204–221.*

*Mr. W. B. Williams, pro se,* cited—

*Attorney-General* v. *Mechanics and Laborers Savings Bank, 5 Stew. Eq. 163; P. L. of 1869 p. 177; Albany Law Jour., Oct. 23d, 1880; Am. Law Rev. March, 1881.*

The opinion of the court was delivered by

GREEN, J. The appellant in this case was a depositor in the Mechanics and Laborers Savings Bank of Jersey City. While such depositor, and more than a year before the bank was de-

clared insolvent, she borrowed from the corporation the sum of $2,000, and secured the same in the usual manner by bond and mortgage on her real estate. The money borrowed was, at her request, placed to her credit in the bank, subject to her check, and the amount entered in her pass-book as a deposit. After this transaction, the appellant continued to make cash deposits and draw checks until the bank discontinued business, when the balance standing to her credit amounted to $2,416. Included in this balance was a considerable portion of the money borrowed of the bank, which she had allowed to remain on deposit. The corporation having been adjudged insolvent by the chancellor, a receiver appointed, and demand made by him for the payment of the mortgage debt, the appellant filed her bill praying that her deposit might be offset against the amount due on her bond and mortgage, and the mortgage delivered up to be canceled.

The main question presented for consideration in this case is, whether a depositor in an insolvent savings bank, who is also a debtor of the institution for money borrowed, is entitled to offset the amount of his deposit against the money due on his obligation in the hands of the receiver?

The insolvency of the party against whom a set-off is claimed has long been considered sufficient ground for the allowance by a court of equity of set-off not within the statute. And under the provisions of the statute to prevent frauds by incorporated companies, the right of a debtor of an insolvent corporation to offset his claim against the receiver is recognized and established both at law and in equity.

But to entitle a party to such equitable relief in a case not provided for by the statute, his natural equity to have one claim compensate or discharge another must be superior to any equitable claim which can be urged in favor of those parties for whose benefit his claim to an equitable offset is resisted. *Waterman on Set-Off* § *439* ; *Holbrook* v. *Receivers, 6 Paige 231.*

Applying this principle, our investigation is reduced to the single inquiry, Is the equity of the appellant to off-set her deposit against the amount due on her bond and mortgage, superior to the equity of the other depositors to have the mortgage debt

collected and added to the general fund for the payment of all the depositors?

In the solution of this question, regard must be had to the peculiar character of the corporation itself, and to the mutual relations of the depositors to each other and to the corporation. Savings banks differ widely in their objects, organization and character from ordinary banks and other joint stock companies. They have no capital stock. They are incorporated and organized not for the advantage of the corporators, but solely for the benefit of the depositors. Their object, as stated in some of the early charters of this state, is to receive and safely invest the savings of mechanics, laborers, servants, minors and others, thus affording to such persons the advantages of security and interest for their money, and in this way ameliorating the condition of the poor and laboring classes by engendering habits of industry and frugality.

Properly organized and conducted, a savings bank is a *quasi* charitable and purely benevolent institution. Its only object, the safe keeping and provident investment of the funds of the depositors. The members of the corporation have no property interests in its funds, of which they are by law constituted the managers and guardians. The depositors, who alone are beneficially interested in the prosperity of the bank, have no voice in its management, nor even in the selection of the persons to whom its management is entrusted.

The assets of the bank are its invested funds, the common contributions of all the depositors, in which they all have a common interest. All the profits of the business are divided among the depositors or accumulated in a surplus fund for their joint benefit and greater security. As each depositor is entitled to his proportionate share of the profits, so, in equity, each should bear his proportionate share of the losses. So long as the bank is solvent no injury can arise from permitting a depositor to off-set his deposit against his debt due to the bank, as no preference would be given in such case to one depositor over another. But in case of insolvency, to allow the set-off to be made would give an unjust preference to debtor depositors over all the others.

In a savings bank, the depositors bear, in great degree, the same relation to each other and to the property of the bank as do the stockholders in other monetary institutions. To the corporation itself they occupy the double relation of stockholders and creditors. In prosperity, they are the stockholders among whom the profits are divided. In case of insolvency, they are the creditors, and usually the only creditors, among whom the remaining assets are to be distributed. If the depositors were themselves made by law the corporators, empowered to elect managers from their own number, thus forming a mutual savings bank, the similarity would be more complete, and the natural equity of the depositors in their mutual relations to each other and the corporation more clearly apparent.

The fact that the law for the greater security of the depositors and the more provident investment of their funds has wisely taken the management out of their control and placed it in the hands of disinterested corporators, cannot in equity change the relations of the depositors to each other, or affect their mutual interest in the common fund.

In some aspects the relations of the depositors to each other and the corporation are identical with those of the members of a mutual insurance company. In the one case, a deposit is made to obtain for the depositor a direct profit in the way of interest on the investment—in the other, to protect the members against a possible loss. In both cases the depositors or members have the same common interest in the accumulated assets of the corporation, the common fund to which they alike look for profit or for indemnity. In both they participate in the profits and bear their proportionate share of the losses—and from either, the depositor may at will, so long as the corporation remains solvent, withdraw his deposit, and thus sever his connection with the institution.

In *Hillier* v. *Allegheny Mutual Insurance Co., 3 Pa. St. 470,* Chief-Justice Gibson adjudged that the loss of a member of a mutual insurance company could not be off-set in an action on his premium note, when the funds of the company were not adequate to pay all losses, holding that to allow the set-off would

work injustice by enabling a member who stood in the double relation of debtor and creditor to get more than his share of the common fund, and that the proper plan of settling the affairs of an insolvent company of mutual insurers is to liquidate its means and responsibilities separately.

The New York court of appeals, in *Lawrence, Recr.,* v. *Nelson, 21 N. Y. 158,* held the same doctrine, and Chief-Justice Comstock, in a well-considered opinion, placed his decision upon the ground that the defendant, though both a creditor and a debtor of the institution, occupied still another relation, to wit, that of a member of the company and a contributor to the common fund paid in for the security of all the members—that like every other member of a moneyed or trading corporation, he took the chances both of gain and loss—and that in such case the rules of set-off between debtor and creditor have no application. The reasoning of the chief-justice in that case applies equally to the one now under consideration.

The case of *Osborne* v. *Byrne, 43 Conn. 155,* is directly in point, and expressly holds that a depositor in a savings bank, who is also a debtor to the bank as a borrower of its funds, cannot, upon the insolvency of the bank, off-set the amount of his deposit against his indebtedness. The result was reached upon a similar course of reasoning, *viz.*: That the debt owed by the depositor to the corporation belongs, in fact, to all the depositors, but neither the institution nor the other depositors owe him anything more on his deposit than his just proportion of the assets owned by the bank.

In *Stockton* v. *Mechanics and Laborers Savings Bank, 5 Stew. Eq. 163,* the same question now before the court was presented to the chancellor for his decision, upon the petition of the receiver for instructions, and in that case the chancellor decided that a depositor who is also a debtor to the bank, is not entitled to off-set the amount of his deposit against his indebtedness. In the result reached by the chancellor I entirely concur, as the true rule in the case, sanctioned both by principle and authority.

The only case I have found holding a contrary doctrine is *Receiver of the New Amsterdam Savings Bank* v. *Tartter, 54 How.*

Hannon *v.* Williams.

*Pr. 385;* but, upon examination, that decision appears to be rested mainly on the general rules of set-off between debtor and creditor, without due regard to the peculiar character of the institution in process of liquidation.

It is, however, insisted, on the part of the appellant, that even if she cannot set off her deposit against her indebtedness, still that she is entitled to have deducted from the mortgage debt so much of the consideration of the mortgage or the money borrowed thereon as never actually came to her hands but remained on deposit to her credit in the bank.

This contention is not tenable. Under the circumstances, the giving of the appellant credit for the amount of the loan on the books of the bank was equivalent to the actual payment of the money to her. From the date of the entry of the deposit it was subject to her check or order, and could have been drawn by her at any time. It so remained subject to her order for more than a year before the bank closed its doors, and during that time the appellant received regular dividends on the deposit. In ordinary banking operations, loans and discounts are usually placed to the credit of the customer, and are drawn out by check as needed. The same practice prevails to some extent in savings banks. In this case the deposit was made at the appellant's request, and it does not lie in her mouth to except to it.

It is further urged, on the part of the appellant, that the bank being in failing circumstances at the time of making the loan, the whole transaction was fraudulent and void as against her. It is not pretended that any inducements were held out by the managers or officers to induce the appellant to execute the bond and mortgage to the bank. The loan was made at the request of the appellant and for her accommodation. The making of a well-secured loan, if the funds were on hand for the purpose (which is not denied), even if the bank was in failing circumstances at the time, was a provident act, and for the benefit of all the depositors. The appellant herself could not have been prejudiced by it if she had withdrawn the money in a reasonable time. The charge either of actual or constructive fraud is not sustained by the allegations of the bill.

The decree of the court of chancery should be affirmed, with costs.

For affirmance—BEASLEY, C. J., DEPUE, PARKER, SCUD-DER, VAN SYCKEL, CLEMENT, COLE, DODD, GREEN—9.

For reversal—DIXON, REED—2.