### ADAMS v. SPOKANE DRUG CO.

(Circuit Court, D. Washington, E. D. October 7, 1893.)

NATIONAL BANKS—RECEIVER—ACTION ON NOTE—EQUITABLE DEFENSES.

In an action at law by the receiver of a national bank on a note, the maker may plead as set-off any debt of the bank to him existing at the time of its failure, as the receiver takes the choses in action belonging to the bank subject to all claims and defenses which might have been interposed as against the bank before the liens of the United States and general creditors attached. Yardley v. Clothier, 49 Fed. Rep. 337, followed.

At Law. Action by J. H. Adams, receiver of the Citizens' National Bank of Spokane Falls, against the Spokane Drug Company, upon a promissory note. Demurrer to an answer, pleading a set-off. Overruled.

Jay H. Adams, in pro. per.
Cy Wellington, for defendant.

HANFORD, District Judge. This is an action by a receiver of a national bank upon a promissory note for $5,000, given to and owned by said bank. The answer alleges that the amount of the loan for which said note was given was not actually paid, but was credited by said bank to the defendant as a deposit subject to check; that thereafter the defendant purchased of said bank three bills of exchange on the Chase National Bank of New York, for sums aggregating $3,500, and paid for the same, by checks against said deposit; that the bills of exchange were presented in due course of business, but acceptance thereof was refused, for the reason that the drawer had failed; that, at the time of the suspension of said bank, part of said deposit still remained to the credit of the defendant; that, before the action was com-

menced, the defendant tendered to the receiver said bills of exchange, and a sum of money equal to the full amount of the principal and interest due on said note, after deducting therefrom the balance of said deposit and the amount of said bills of exchange, with protest fees, and the tender has been made good by bringing said bills of exchange and money into court. The suspension of the bank and appointment of the receiver occurred before the maturity of the note. The case has been argued and submitted upon a demurrer to said answer.

In the case of Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. Rep. 148, the supreme court held that the receiver of a national bank took the assets as a mere trustee, and not as a purchaser for value; that, in the absence of a statute to the contrary, demands and choses in action which belonged to the bank were in his hands, subject to all claims and defenses that might have been interposed as against the bank before the liens of the United States and the general creditors attached; and that there is nothing in the statutes relating to national banks to deprive a customer of an insolvent national bank of the right to set off a debt, or obligation of the bank to him, existing at the time of its failure, against a promissory note which did not become due until after the failure, according to the ordinary rule in equity applicable to cases wherein the reciprocal liabilities of insolvents and others have to be adjusted, and the judgment of the United States circuit court for the southern district of Ohio was reversed for error in sustaining a demurrer to a defense similar to the one pleaded in this case. I should have no difficulty in reaching a satisfactory conclusion, harmonious with the reasoning of that decision, were it not for the fact that in the same opinion the learned chief justice argues that the statute of Ohio, allowing a set-off to be interposed as a defense in an action at law, is not applicable as a rule of practice in the federal courts; and he makes the following emphatic annunciation: "We are of the opinion that the circuit court had no power to grant the set-off in question in the suit at law." The reason given is that "legal and equitable claims cannot be blended together in one suit in the circuit courts of the United States, nor are equitable defenses permitted." In England the right to set off a debt due to a defendant from the plaintiff in an action at law is given by St. 2 Geo. II. c. 22, § 13, and made perpetual by 8 Geo. II. c. 24, § 4. Most of the states of the Union, if not all, have long ago enacted similar laws. We have such a statute in the state of Washington. The practice has prevailed in the courts of this country, state and federal, for so long, and has been so often sanctioned by the supreme court of the United States, that the right of a defendant having such a defense to avail himself of it would seem to be firmly established. 2 Pars. Cont. 734; Partridge v. Insurance Co., 15 Wall. 573; Dushane v. Benedict, 120 U. S. 630, 7 Sup. Ct. Rep. 696. In the case last cited, Mr. Justice Gray shows that the Pennsylvania law of set-off has been in force nearly two centuries. In Scott v. Armstrong the supreme court reversed the

judgment of the circuit court for not allowing the set-off pleaded by the defendants in that case, and approved the decision of the circuit court for the eastern district of Pennsylvania in the case of Yardley v. Clothier, 49 Fed. Rep. 337, which was an action like the one at bar, and in which a similar defense was sustained. Considering what was done, notwithstanding what was said by the supreme court, I feel warranted in following Yardley v. Clothier.

The demurrer is therefore overruled, and, the plaintiff having elected to stand upon his demurrer, a judgment in favor of the defendant for costs will be entered.