1. INSOLVENT BANK—DEPOSITS.

Money on deposit in a bank, subject to check, becomes due
without demand when the bank becomes insolvent.

2. SAME—SET-OFF.

A depositor may set off the amount standing to his credit
when the bank becomes insolvent against his notes payable
to the bank, and not then due.

Appeal from Wayne; Donovan, J. Submitted April
23, 1902. (Docket No. 119.) Decided May 8, 1902.

Petition by Frank M. Thompson against the Union
Trust Company, receiver of the City Savings Bank of
Detroit, to compel the application of a deposit to the pay-
ment of certain promissory notes. From a decree for
petitioner, defendant appeals. Affirmed.

*Ransom G. George*, for petitioner.

*Bowen, Douglas & Whiting*, for defendant.

MOORE, J. The following statement taken from the
brief of the counsel for the appellant shows the question
involved in this case:

"On the 10th day of February, 1902, the City Savings
Bank, a Michigan corporation, located in the city of
Detroit, was insolvent; and on that day George L. Maltz,
commissioner of the banking department of the State of
Michigan, closed and took possession of said bank. On
that day there were in the possession of said bank two
notes made by Frank M. Thompson, the petitioner,—one
for $3,021, dated August 12, 1901, due six months after
date, and one for $910, dated January 17, 1902, due four
months after date. At the time of the failure, Frank M.
Thompson had to his credit upon the books of the said
bank, on deposit, the sum of $2,458.43, subject to check.
On February 19, 1902, the said Frank M. Thompson

demanded from the receiver, appellant herein, that said receiver apply upon the above-described notes the deposit due the said Frank M. Thompson, and, upon payment by him of the balance due upon said notes after the deposit had been deducted, surrender to him the notes. This the receiver refused to do, and, from the order directing such set-off, brings this appeal to this court. The legal question can be stated very simply: May petitioner set off the deposit standing to his credit when the bank closed its doors against his notes not then due?"

Counsel for appellant contend that these deposits are not subject to set-off, because not mutual credits; that they are not mutual because, at the time the bank suspended, the debt owing from petitioner to the insolvent bank was not due; that such set-off would affect the rights of other creditors, and would give petitioner a preference over them. They are unable to find any Michigan cases directly in point, but cite several which they think in principle support their position, which will be referred to later.

It is conceded the deposit of Mr. Thompson became due, without demand, when the bank became insolvent. *Colton* v. *Building & Loan Ass'n*, 90 Md. 85 (45 Atl. 23, 46 L. R. A. 388, 78 Am. St. Rep. 431); *Scott* v. *Armstrong*, 146 U. S. 499 (13 Sup. Ct. 148). It is also conceded that the receiver stands in the place of the bank, subject to all equities against the bank, and does not sustain the relation of a purchaser of the notes for value, without notice. See *Louis Snyder's Sons Co.* v. *Armstrong*, 37 Fed. 18; *Van Wagoner* v. *Gaslight Co.*, 23 N. J. Law, 283; *Sherwood* v. *Bank*, 103 Mich. 109 (61 N. W. 352). It is urged that, if this bank were solvent,—a "going bank,"—it could not compel Mr. Thompson to pay the notes until maturity, and, on the other hand, he could not compel the bank to accept payment of the notes until they came due; and as the claim of the bank had not matured when the receiver was appointed, though Mr. Thompson's claim did mature when the bank became insolvent, and before the receiver was appointed, it cannot be said the two claims are in any sense mutual credits, and the sub-

ject of set-off. Counsel cite, in support of this proposition, *Gibbons* v. *Hecox*, 105 Mich. 509 (63 N. W. 519, 55 Am. St. Rep. 463); *Mechanics' Bank* v. *Stone*, 115 Mich. 648, (74 N. W. 204); and *Koegel* v. *Trust Co.*, 117 Mich. 542 (76 N. W. 74).

An inspection of these cases will show they are distinguishable from the one at bar. In *Gibbons* v. *Hecox* neither debt was due at the time of the insolvency. In *Mechanics' Bank* v. *Stone* the debt to the bank was due at the time of its insolvency, while the debt from the bank was not due, and was a contingent liability. It was held the rights of other creditors had intervened, and their equities were superior to those of debtors seeking to set off claims not due. In *Koegel* v. *Trust Co.* one of the debts did not come into existence until after the appointment of the receiver.

In *Stone* v. *Dodge*, 96 Mich. 514 (56 N. W. 75, 21 L. R. A. 280), Justice McGRATH, speaking for the court, said:

"There can be no doubt that the certificate of deposit in this case would, in a proper case, be a proper subject of set-off. It is well settled that, in a suit by a receiver of an insolvent bank upon a note or obligation due the bank, the defendant will be allowed to set off his deposit or a certificate of deposit held by him at the time of the suspension of the bank. *Dickson* v. *Evans*, 6 Term R. 57; *Pedder* v. *Mayor, etc., of Preston*, 9 Jur. (N. S.) 496; *Niagara Bank* v. *Rosevelt*, 9 Cow. 409; *Ogden* v. *Cowley*, 2 Johns. 274; *McLaren* v. *Pennington*, 1 Paige, 112; *Miller* v. *Receiver of Franklin Bank*, Id. 444; *In re Receiver of Middle Dist. Bank*, Id. 585 (19 Am. Dec. 452); *Smith* v. *Fox*, 48 N. Y. 674; *New Amsterdam Sav. Bank* v. *Tartter*, 4 Abb. N. C. 215; *Berry* v. *Brett*, 6 Bosw. 627; *Jordan* v. *Sharlock*, 84 Pa. St. 366 (24 Am. Rep. 198); *Farmers' Deposit Nat. Bank* v. *Penn Bank*, 123 Pa. St. 283 (16 Atl. 761, 2 L. R. A. 273); *Kentucky Flour Co.'s Assignee* v. *Merchants' Nat. Bank*, 90 Ky. 225 (9 L. R. A. 108, 13 S. W. 910); *Van Wagoner* v. *Gaslight Co.*, 23 N. J. Law, 283; *Platt* v. *Bentley*, 11 Am. Law Reg. (N. S.) 171; *Clarke* v. *Hawkins*, 5 R. I. 219."

The case of *Scott* v. *Armstrong*, 146 U. S. 499 (13
Sup. Ct. 148), is in point. This was an action by the receiver
of the Fidelity Bank against the maker and indorsers of a
promissory note which did not mature until after the
insolvency of the bank. One of the defendants sought to
offset its deposit with the Fidelity Bank at the time of the
failure. This set-off was not allowed in the United States
circuit court for the southern district of Ohio. An appeal
was taken to the circuit court of appeals, who certified the
questions involved to the Supreme Court. Mr. Chief
Justice FULLER delivered the opinion of the court, in
which the lower court is reversed and the set-off allowed.
We quote from the opinion, as follows:

"The note in controversy did not mature until September
7, 1887, but the deposit to the credit of the Farmers' Bank
was due, for the purposes of suit, upon the closing of the
Fidelity Bank, as under such circumstances no demand
was necessary. The receiver took the assets of the Fidelity
Bank as a mere trustee for creditors, and not for value
and without notice, and, in the absence of statute to the
contrary, subject to all claims and defenses that might
have been interposed as against the insolvent corporation
before the liens of the United States and of the general
creditors attached.

"The right to assert set-off at law is of statutory
creation, but courts of equity, from a very early day, were
accustomed to grant relief in that regard independently, as
well as in aid of statutes upon the subject. * * *
Courts of equity frequently deviate from the strict rule of
mutuality when the justice of the particular case requires
it, and the ordinary rule is that, where the mutual obliga-
tions have grown out of the same transaction, insolvency
on the one hand justifies the set-off of the debt due upon
the other. * * *

"In the case at bar the credits between the banks were
reciprocal, and were parts of the same transaction, in
which each gave credit to the other on the faith of the
simultaneous credit, and the principle applicable to mutual
credits applied. It was, therefore, the balance upon an
adjustment of accounts which was the debt; and the
Farmers' Bank had the right, as against the receiver of
the Fidelity Bank, although the note matured after the

suspension of that bank, to set off the balance due upon its deposit account, unless the provisions of the national banking law were to the contrary."

After quoting the act, it continues:

"The provisions of the act are not directed against all liens, securities, pledges, or equities whereby one creditor may obtain a greater payment than another, but against those given or arising after, or in contemplation of, insolvency. Where a set-off is otherwise valid, it is not perceived how its allowance can be considered a preference; and it is clear that it is only the balance, if any, after the set-off is deducted, which can justly be held to form part of the assets of the insolvent."

*Jones* v. *Piening*, 85 Wis. 264 (55 N. W. 413), quotes the case of *Oatman* v. *Bank*, 77 Wis. 505 (46 N. W. 881, 20 Am. St. Rep. 136), which is cited by this court in *Mechanics' Bank* v. *Stone*, 115 Mich. 651 (74 N. W. 204), and which is a case similar to the latter, and says:

"The case at bar differs widely from that class of cases, and turns upon a different principle. Here it was not the indebtedness of the insolvent debtor that was not due when the assignment was made, but a portion of the indebtedness from the plaintiffs to the assignee of the insolvent debtor. An assignee of such an insolvent debtor has no authority to waive the time of credit secured for the sole benefit of his assignor, and pay a debt not due with credits, or the avails of credits, which are due to the assignor at the time of making the assignment, for to do so would tend to prejudice the creditors of the insolvent's estate; but a debtor to such estate, whose debt was not due at the time of the making of such assignment, has the authority to waive the time of credit which was secured for his own benefit, and pay the same at once in money, or by way of set-off of the amount due him from such estate. This rule is firmly settled in other States."

To the same effect are *Smith* v. *Fox*, 48 N. Y. 674; *Rothschild* v. *Mack*, 115 N. Y. 1 (21 N. E. 726); *Smith* v. *Felton*, 43 N. Y. 419; *Lindsay* v. *Jackson*, 2 Paige, 581; *Colton* v. *Building & Loan Ass'n*, 90 Md. 85 (45 Atl. 23, 46 L. R. A. 388, 78 Am. St. Rep. 431);

*Jordan* v. *Sharlock*, 84 Pa. St. 366 (24 Am. Rep. 198);
*Second Nat. Bank* v. *Hemingray*, 34 Ohio St. 390;
*Keightley* v. *Walls*, 27 Ind. 387; *Smith* v. *Spengler*, 83
Mo. 408; *Jones* v. *Robinson*, 26 Barb. 310; *In re Van
Allen*, 37 Barb. 229; *Stewart* v. *Anderson*, 1 Cranch,
586; *Davis* v. *Manufacturing Co.*, 114 N. C. 321 (19 S.
E. 371, 23 L. R. A. 322); *Adams* v. *Drug Co.*, 57 Fed.
888 (23 L. R. A. 334); *Martin* v. *De Loge*, 15 Mont.
343 (39 Pac. 312); *Yardley* v. *Clothier*, 2 C. C. A. 349
(51 Fed. 506, 17 L. R. A. 462); *Ex parte Prescot*, 1
Atk. 230; 1 Morse, Banks, § 338.

As the precise question involved here is a new one in
this State, but has been, as we have shown, directly
passed upon in the Federal courts and many of the State
courts, we feel bound to follow those decisions.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., con-
curred. LONG, J., did not sit.