STATE BANKING COMMISSIONER *v.* E. JOSSMAN STATE BANK.

*In re* PETITION OF EDGAR.

1. BANKS AND BANKING—DEPOSITOR—TRUST DEPOSIT—RECEIVERS—DISSOLUTION OF A CORPORATION.

   On petition of one of the depositors and creditors in a suit by the State banking commissioner to wind up an insolvent institution in which the petitioner, with four others, had a deposit in his name as trustee, it was permissible to show what were the real relations of the parties and the liability of the bank to the petitioner, for the purpose of setting off the indebtedness of the various interested beneficiaries, who were indebted to the bank in considerable sums of money: evidence tending to establish the real relations was competent in determining the question raised by a petition to compel the receiver to pay a dividend to the depositor.

2. SAME—INSOLVENT ESTATES—SET-OFF—EQUITY.

   It is well settled in equity that deposits and notes of the

same parties in an insolvent banking institution may be set off against each other prior to the maturity of the notes in possession of the bank: the strict rule of set-off at common law not being applicable.

Appeal from Oakland; Smith, J. Submitted November 10, 1914. (Docket No. 156.) Decided March 18, 1915.

A. K. Edgar filed a petition for a right to participate in the distribution of the dividends of the E. Jossman State Bank which was being wound up upon the petition of the State banking commissioner. From a decree denying the prayer of the petition petitioner appeals. Affirmed.

*Davis & Bromley,* for appellant.

*Charles P. Webster,* for appellee receiver of bank.

McAlvay, J. The bill of complaint in this case was filed September 9, 1913, by the banking commissioner against this bank, its president, directors, and officers under the statute, it having become insolvent, for the purpose of the appointment of a receiver and for liquidating its assets. The matter proceeded in due course until February 9, 1914, when an order of the court was made authorizing the receiver to pay a first dividend of 20 per cent. to all creditors. The receiver refused to pay any of said dividend to "A. K. Edgar, trustee," the petitioner herein, and he thereupon filed the petition in this cause, praying for an order directing the receiver to pay over to him as trustee the amount of the dividend represented by him claimed to be due. The receiver answered this petition, and, the matter having been fully heard before the court, an order was entered denying the prayer thereof. Petitioner has appealed from this order.

Petitioner, claiming to be trustee for himself, E. L. Davis, Manly D. Davis, Edmund Foster, and R. E.

Jossman, at the time the bank failed, had on deposit in said bank in his name, as trustee, the sum of $1,995.60. What the relations of these parties were to each other and to the bank as far as this deposit was concerned cannot be gained from the contents of this petition. It has been necessary, therefore, to examine the entire record for that purpose. From such examination we are able to make the following statement:

It appears that the five persons named whom petitioner claims to represent in his petition organized, whether according to law or not does not appear, the International Live Stock & Timber Company of Mexico, and bought, probably in its name, 65,000 acres of land in Mexico. A large amount of the stock was issued to these five men, who signed their joint notes for the sum of $50,000 in payment for the land which was bought, or it may be as guarantors of the company's debts for that amount for which they held the company's notes. Whichever it was, they were indemnified against all their liability to the company and secured by other collateral securities. The entire amount of stock each took does not clearly appear. It does appear that they did sell some of their stock, the amount of which is not stated. It also appears they borrowed some money from private individuals for which they also gave their joint notes. This borrowed money and money arising from the sales of stock went into this account of "A. K. Edgar, trustee," and was to be used to pay pressing debts and interest arising out of this Mexican venture. This was done by them without authority of the company or any corporate action. It was wholly voluntary on their part and entirely independent of the company. They also created what they call a pool of some of their individual stock, and each of the five men put in 20 shares under an agreement between them that such

stock was to be held by the bank and not to be delivered to each individual until all the money they had borrowed for the above purpose had been paid in full. Jossman, who was cashier of the bank, disregarded this agreement and took out from the custody of the bank his own stock and delivered to Foster and Edgar their stock a short time before the bank closed. It was valueless and the company had no credit.

Petitioner positively testifies that this credit to his account as trustee belonged to himself and the four men he mentions equally, to each one-fifth. Petitioner was president, Foster was a director, and Jossman was cashier of the insolvent bank. One or two of the others were stockholders. Four of them at the time the bank was closed by the commissioner were largely indebted to the bank, Jossman in the sum of more than $100,000, petitioner in the sum of $3,000 or $4,000, the others in sums from $2,000 down to $800. Petitioner was treasurer of this Mexican company they were apparently promoting. Jossman was its secretary. One of the others was president. Edgar, as treasurer of the Mexican company, had an account credit in the bank at the time its doors were closed, which belonged to the company. Upon this claim the receiver paid the first dividend of 20 per cent. without question.

The contention in the case upon the part of the petitioner is that as trustee for himself and four others he held a valid claim against the bank and owed it nothing, so that it held no valid set-off against him, as such trustee, therefore, he was entitled as such trustee to participate in the first dividend as a *bona fide* creditor.

We cannot agree with such contention. The evidence in the case supports the contention of the receiver that this fund in dispute, deposited in the name of petitioner as trustee, was not the property of the

company, but was the property of these five men of which each individually owned one-fifth. This is clear, however muddled other transactions in relation to handling the stock of the company• may appear, and was recognized by the petitioner, who was at the same time its treasurer.

We find, then, the relation of this insolvent bank, by its duly appointed receiver, to the petitioner and the four men named, who were operating with him, to be the same as if each had been a depositor in this bank to the amount of one-fifth of the sum $1,995.60, in which relation they are to be dealt .with by the receiver in exactly the same manner as if they were individual depositors. The fact that the petitioner used the word "trustee" in designating this account did not change the relation of these parties, who operated together in this matter to each other or their individual relations to the insolvent bank. Their real relations may be shown.

The principle involved is the same as in case of a suit upon a promissory note between the original parties. A defendant maker who signs as "agent" may show who were in fact the parties to the note. *Keidan* v. *Winegar*, 95 Mich. 430 (54 N. W. 901, 20 L. R. A. 705) ; *Metcalf* v. *Williams*, 104 U. S. 93.

The principle is well settled that the deposits and notes of the same person in an insolvent bank can be set off against each other even before the maturity of the notes in the hands of the bank. *Thompson* v. *Trust Co.*, 130 Mich. 508 (90 N. W. 294, 97 Am. St. Rep. 494) ; *Scott* v. *Armstrong*, 146 U. S. 499, 13 Sup. Ct. 148. In the case last above cited, the distinction between the rule of set-off applied in cases of equity and the strict rule of set-off at law is clearly stated. In the instant case the receiver of this insolvent bank was entitled to set off against the individual share in the deposit in question of each of the four persons

owning such share the amount of his indebtedness to the bank.

The order and decree of the circuit court is therefore affirmed, with costs against petitioner.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.