L. A. ANDREW, Superintendent of Banking, et al., Appellees, v. PRESBYTERIAN CHURCH of Mechanicsville, Appellant.

No. 41949.

JUNE 20, 1933.

REHEARING DENIED NOVEMBER 17, 1933.

H. J. Maurer, for appellant.

C. O. Boling and B. J. Maxwell, for appellees.

ANDERSON, J.—Mary M. Elliot departed this life in April, 1927, leaving a will, which was later duly admitted to probate, containing the following provision:

"I give, devise and bequeath to The Helmer & Gortner State Bank, a corporation, as Trustee for the use and benefit of the Presbyterian Church Society of Mechanicsville, County of Cedar and State of Iowa, the sum of Two Thousand ($2,000) Dollars, it being

my intention that the said trust sum of Two Thousand ($2,000) Dollars shall be perpetually held by the said Helmer & Gortner State Bank and its successors on interest bearing 'Savings Deposit', the interest to be semi-annually paid to the Trustees of said Church to be used by them in maintaining and keeping the church building in repair and for no other purpose whatsoever."

The said $2,000 was deposited on savings account in the said bank by the executor of the Mary M. Elliot estate, in accordance with the terms of said bequest. The fund was carried on the books of the bank in an account designated "Mary M. Elliot Trust Fund Presbyterian Church".

The said bank was declared to be insolvent on September 12, 1931, and L. A. Andrew was appointed and qualified as receiver. thereof, and the said Presbyterian Church filed its claim in said receivership matter reciting the foregoing facts, and asking that the said fund be established as a trust fund and classified as a preferred claim. The court appointed a substitute trustee of said fund who joined in the claim as filed by the church. The bank receiver, L. A. Andrew, classified said claim as a deposit claim, refusing to allow it a preference.

Objections were filed to the classification of the claim as a deposit only, by the claimants, and the receiver filed answer thereto, denying the right of the claimant to any preference.

Upon the trial of the issues thus raised, it was conceded that at the time the bank closed there was $9,144.33 in cash which came into the possession of the receiver, and that on September 1, 1931, the cash balance in the bank was $5,954.09. The trial court denied the claimants a preference and held the claim as a deposit claim, from which order the appellants, claimants, prosecute this appeal.

■ Appellant's first contention is that the claim is not denied by any pleading, and that therefore no issue was presented to the court. There is no merit in this contention. There is no statutory or other requirement that the receiver file formal objections to a claimed preference, and we have held that a receiver may contest the allowance of any claim filed with him even though he files no formal objections thereto. Leach v. Farmers & Merchants Bank, 207 Iowa 471, 220 N. W. 10.

The appellant also contends that the acceptance of the deposit under the express conditions of the will of Mary M. Elliot created

a trust relationship, and that the fund was held by the bank as an admitted trust, and that such fund passed into the hands of the bank receiver as a part of the cash assets, and cites Andrew v. Security Savings Bank, 203 Iowa 546, 213 N. W. 245; In re Receivership of American Savings Bank, 210 Iowa 568, 231 N. W. 311, 315; Murray v. North Liberty Sav. Bank, 196 Iowa 729, 195 N. W. 354; and other similar cases as supporting their contention.

In none of the cited cases were the facts similar to the case at bar. In Andrew v. Security Bank, supra, the facts disclose that the deposit in question was made and received with the specific agreement that it was to be held in trust and invested by the bank on real estate security. Thus it was not strictly a special deposit, but was to be held by the bank for a specific designated purpose, and we held that under such circumstances the bank did not take title to the fund so created, but merely held it as trustee for the specific designated purpose. In In re Receivership American Savings Bank, supra, there was a specific agreement that the bank was to hold the trust funds in "liquid assets", and to return the same "in kind all cash or its equivalent". And, in all of the other cases relied upon by appellant, there was a specific agreement that the funds were to be invested in certain types of security or used for particular purposes, and that the principal sum was to be eventually paid out, or returned, under certain specific conditions. In the case at bar, the fund was deposited with and received by the bank under the terms of the Mary M. Elliot will, and was to be *perpetually held* by the bank and its successors, on interest as a savings deposit, and the interest only paid to the church.

In the case of Officer v. Officer, 120 Iowa 389, 94 N. W. 947, 948, 98 Am. St. Rep. 365, we defined "special" and "specific" deposits as follows:

"A special deposit is created where the money is left for safe-keeping and return of the identical thing to the depositor. And a specific deposit exists when money or property is given to a bank for some specific and particular purpose, as a note for collection, money to pay a particular note, or property for some specific purpose."

And we further held in that case that, "in the absence of proof to the contrary, every deposit is presumed to be general."

In the case of Andrew v. Colo Savings Bank, 205 Iowa 872, 219 N. W. 62, 64, we held:

"A general 'deposit' has the effect of passing title from the 'depositor' over to the bank, and there it is mingled with other money of the financial concern. Accordingly, this aggregate constitutes a single fund for the benefit of 'depositors'. If insolvency befalls the institution, this common fund forms a source for dividends before which each 'depositor' stands on an equality."

And we held in that case that deposits are presumed to be general, in the absence of proof to the contrary. We have also held that the manner in which the bank carried the account on its books has no bearing upon the character of the same or the relationship of the parties. And such has been the holding in several other jurisdictions. See Doyle, State Banking Com'r, v. State Bank, 185 Mich. 24, 151 N. W. 602, Ann. Cas. 1917C. 1203; New Farmers Bank v. Cockrell, 106 Ky. 578, 51 S. W. 2; Whiting v. Hudson Co., 234 N. Y. 394, 138 N. E. 33, 25 A. L. R. 1470.

It has also been held that, where interest is paid by a bank upon a deposit, the deposit is general, and hence cannot be preferred. West Chicago Park Com'rs v. McNulta, 99 F. 900, 40 C. C. A. 155; Vail v. Newark Savings, 32 N. J. Eq. 627; Shute v. Hindman, 34 Or. 578, 56 P. 412, 58 P. 882, 47 L. R. A. 265; Andrew v. Bank, 205 Iowa, 872, 219 N. W. 62.

It has also been held that general deposits of trust funds made by bank fiduciary in its own savings department are not entitled to preference upon the bank becoming insolvent. Bassett v. City Bank, 115 Conn. 1, 160 A. 60, 81 A. L. R. 1488.

In the case at bar the specific direction under the terms of the will was that the bank should pay interest to the beneficiary. This presupposed the use of the money by the bank as its own in order to earn the interest, and the trustor must be held to have so intended. The bank would necessarily have to convert the money to its own use for the purpose of earning and paying the interest provided for. In this situation, with the bank authorized to thus treat the money as its own, the fund, strictly speaking, would not belong to the beneficiary and would not become trust property.

We are constrained to hold that the deposit of the fund in question, under the terms of the Mary M. Elliot will, was a general deposit and not special or specific. And that claimants have no

1138

greater rights in the cash or assets of the insolvent bank than other general depositors. The fund was rightfully deposited, and was to be held by the bank in its savings account "perpetually". The only specific direction or obligation arising was that the bank should pay interest thereon. There was no violation of any specific or special agreement. It is our judgment that the order of the trial court, allowing the claim as a deposit claim only, was right, and an affirmance follows.—Affirmed.

KINDIG, C. J., and MITCHELL, STEVENS, and KINTZINGER, JJ., concur.