ROBERT BEACH HENTON v. RENVILLE STATE BANK AND ANOTHER.[1]

May 31, 1935.

No. 30,356.

[1]Reported in 261 N. W. 8.

525

*George F. Gage,* for appellants.
*Robert Beach Henton,* respondent, *pro se.*

HOLT, JUSTICE.

The appeal is from an order denying defendants a new trial.

The defendant Renville State Bank is in the hands of the defendant the state commissioner of banks. Plaintiff as trustee of Martin Melsness filed a claim against the bank and demanded that it be allowed as a preferred claim. It was allowed as a general claim only. This action resulted. The court made .findings and conclusions of law that the amount of the claim, $7,169.50, is a preferred claim against the assets of the bank and directed the commissioner of banks to pay the same in preference to the payment of general claims.

There are. 22 assignments of error, but from the discussion in the brief of appellants it is clear that there is no real dispute concerning the facts. It is only a question of law whether, on the undisputed facts, plaintiff should have a preference over the general creditors of the bank. The father of Martin O. Melsness bequeathed an undivided fifth of his property to the Renville State Bank in trust for Martin. His estate was probated, and by final decree the one-fifth thereof went to the trustee "to have and to hold the same in trust nevertheless for the use and benefits of Martin O. Melsness, a son of the decedent herein, for and during the term and period of the natural life of said Martin O. Melsness, with authority and power in said Renville State Bank as such trustee to receive and accept said trust funds and to pay the net proceeds of the same annually to the said Martin O. Melsness and such further sum not exceeding Three Hundred Dollars ($300.00) per year from the principal of said trust fund, if the said trustee, Renville State Bank, Renville, Minnesota, deems it necessary. The fees of said trustee shall in no case exceed the sum of one per cent of said principal annually and shall be deducted from the income thereof." The

526

bank accepted the trust, and pursuant to that decree there came into the hands of the trustee in 1924 and 1925 $7,307.30.

We need not consider whether the bank, with a capital of only $25,000, could lawfully become a trustee and administer the trust. It did accept the trust and as such received the trust fund. The wrong conduct which here starts liability is when the fund was deposited in its own banking institution or, in other words, lent to itself. The bank thereby became a trustee *ex maleficio*. Such disposition of the trust fund was wrongful and unlawful. No trustee may lawfully lend the trust funds to himself. The assets of the bank were augmented by this illegal act. From time to time it issued to itself as trustee time certificates of deposit for the trust fund, on which it paid or charged itself with interest, and it is contended that the settlor of the trust intended that the trustee should so invest the fund as to derive an income, and that this purpose was achieved by the trustee borrowing of the trust fund and paying interest. There is nothing in the will or in the decree distributing the fund to the bank as trustee directing the trust fund to be kept as a deposit or to be lent to the bank. The moment the trustee undertook to loan the trust fund to itself, or, what is the same thing, receive and commingle any trust fund with the general bank assets and issue its time certificates of deposit therefor, there was an unlawful and unauthorized disposition thereof which, in case of insolvency of the bank, entitled the trust fund to a preference.

Had the handling of the fund been lawful up to the time the effort was made to constitute the last issued certificate a special deposit, the contention of defendants would be correct that no preference could result; for in that transaction there was no augmentation of the assets of the bank, nor was any specific money taken out of the general assets and set apart as the property of this trust. The mere statement in the certificate that $6,972 had been deposited in the bank "As a special deposit in trust for the benefit of Martin O. Melsness" does not make it such, for it is payable 12 months after date, with interest at four per cent per annum. That can only mean that it is payable out of the general funds of

the bank. It is not to be paid out of a fund kept intact and separate from the general assets of the bank.

This case is different from Village of Monticello v. Citizens State Bank, 180 Minn. 418, 230 N. W. 889, and City of Canby v. Bank of Canby, 192 Minn. 571, 257 N. W. 520, where the trust fund was placed in the bank by the donor of the fund and the bank agreed to pay interest; nevertheless the funds were given a preference. Here neither in the will bequeathing the fund to the bank in trust for Martin O. Melsness nor in the decree distributing it to the bank as trustee is there any direction authorizing the bank to lend the money to itself or invest in its own certificates of deposit. The bank as trustee could not lawfully lend the fund to itself or deposit it in its own bank; hence plaintiff, its successor as trustee, can recover it as a preference out of the assets of the bank in the hands of the commissioner.

Appellants cite Andrew v. Presbyterian Church, 216 Iowa, 1134, 1135, 249 N. W. 274. But that case does not aid them for there the testator had bequeathed $2,000 to the bank in trust to be perpetually held by the bank and its successors "on interest bearing 'Savings Deposit,' the interest to be semi-annually paid to the" beneficiary. And it was held that under the trust the bank was required to keep the fund as a general deposit. Not so here. Commercial B. & T. Co. v. Citizens T. & G. Co. 153 Ky. 566, 156 S. W. 160, 45 L.R.A. (N.S.) 950, Ann. Cas. 1915C, 166, also cited, is decided on the same principle as was Farmers & M. State Bank v. Consolidated Sch. Dist. No. 3, 174 Minn. 286, 219 N. W. 163, 65 A. L. R. 1407, that a bank, in the absence of statutory authority, cannot pledge its assets to secure depositors or its bonding company.

The order is affirmed.